FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 4:10 pm, May 14, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TREVON DESHON CHAPMAN, SR., | |
| Plaintiff, | CIVIL ACTION NO.: 2:19-cv-33 |
| v. | |
| JAMES K. PROCTER, et al., | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. Plaintiff has also filed a Petition for a Writ of Mandamus. Doc. 17. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against and Defendants Procter and Mastorianni and **DENY as moot** Plaintiff's Petition for Writ of Mandamus. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's retaliation claim against Defendant Watson and Plaintiff's Fourth Amendment search and seizure violation against Defendant Sullivan. The Court also finds Plaintiff's deliberate indifference to serious medical needs claim against Defendant Nurse Jane Doe is not subject to dismissal at this time, but Plaintiff must provide additional identifying information about this Defendant so that the U.S. Marshals Service may serve her and so that the claim may proceed.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff asserts in his Complaint that Defendant Sullivan illegally arrested him at a hotel on May 7, 2017. Doc. 1 at 5. Plaintiff's vehicle was searched by Defendant Sullivan, then towed and impounded. Id. Plaintiff asserts the search and seizure of his vehicle was unlawful under the Fourth Amendment. Id. at 3. At the time, Plaintiff was recovering from a broken scapula and broken clavicle and wore an arm sling. Id. at 5. Upon his arrival at the Camden County Public Safety Complex, Defendant Nurse Jane Doe took Plaintiff's arm sling. Id. Plaintiff attempted to file a grievance form relating to the confiscation of his sling, and Defendant Watson put Plaintiff on "lockdown." Id. at 7. Plaintiff alleges the loss of his arm sling caused his left pectoral to remain "permanently swollen." Id. Plaintiff also alleges his prescribed medication has been withheld. Id. In his Complaint, Plaintiff asserts he filed a formal grievance regarding the confiscation of his arm sling and admits his sling was later returned to him. Id. at 11. Plaintiff also states he received no response to his grievance and did not appeal his grievance because his sling was returned to him. Id. As relief, Plaintiff requests $350,000 in damages and an injunction imposed against the Camden County Sheriff's Department.

In his Petition, Plaintiff seeks a writ of mandamus directing the Honorable Lisa Godbey Wood to issue summonses to the Defendants. Doc. 17 at 1–2. Plaintiff asserts he has a clear right to the relief sought and will suffer damages or dismissal if the writ is not granted. Id. at 1.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. §

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I.   Supervisory Liability of Defendants Procter and Mastorianni

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.  Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged

violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff wishes to hold Defendants James Procter and Ronnie Mastorianni—Camden County Sheriff and Major, respectively—liable based solely on their supervisory positions. Plaintiff does not make any factual allegations that Procter or Mastorianni directly participated in or were otherwise causally connected to the alleged deprivations of his constitutional rights. He alleges Defendant Procter "mandates the Sheriff's Department and all its employees." Doc. 1 at 6. He also alleges Defendant Mastorianni "ensures and conducts daily affairs and operations of jail facility as the official administrator." Id. As set forth above, such supervisory allegations are an insufficient basis for § 1983 liability. Moreover, to establish Defendants violated his Eighth Amendment rights, Plaintiff must show these Defendants were objectively aware of a risk to Plaintiff's safety and consciously disregarded that risk. Thus, even under the standard of review at this early stage, these allegations cannot survive. For all of these reasons, the Court should **DISMISS** all claims against Defendants Procter and Mastorianni.

## II. Petition for Writ of Mandamus

The object of Plaintiff's Petition for Writ of Mandamus is service of his Complaint on Defendants. Doc. 17. As the Court has stated, service of Plaintiff's Complaint on Defendants Watson and Sullivan shall be directed by a separate, contemporaneously filed Order, and service

on Defendant Doe will be ordered if Plaintiff provides sufficient additional identifying information. Accordingly, the Court should **DENY as moot** Plaintiff's Petition for Writ of Mandamus.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Procter and Mastorianni. I also **RECOMMEND** the Court **DENY as moot** Plaintiff's Petition for Writ of Mandamus. Service of Plaintiff's surviving claims shall be directed in a separate Order.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 14th day of May, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA