# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| TREVON DESHON CHAPMAN, SR., | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:19-cv-33 |
| | * | |
| v. | * | |
| | * | |
| ERIC WATSON; RYAN SULLIVAN; and DEANNA MOSLEY OSBORNE, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated August 4, 2021. Dkt. Nos. 71, 73.[1] Defendants Sullivan and Watson filed a Response to Plaintiff's Objections. Dkt. No. 75. In the Report, the Magistrate Judge recommended the Court grant Defendants Ryan Sullivan, Eric Watson, and Deanna Mosley Osborne's Motions for Summary Judgment. Dkt. No. 70 at 1.

---

[1] The Court is skeptical Plaintiff's Objections received on August 20, 2021, are from Plaintiff. Dkt. No. 70. First, the Objections were not initially signed by Plaintiff, though he did return the last page signed after prompting by the Clerk of Court. Id.; Dkt. No. 74. Further, they are typed, whereas Plaintiff's second set of Objections are handwritten. Compare Dkt. No. 70 with Dkt. No. 73. Finally, Plaintiff's Objections received on August 20, 2021, were delivered in an envelope bearing a return address in San Diego, California, while Plaintiff is currently incarcerated in Georgia. Dkt. No. 71 at 16. Nonetheless, the Court will consider both sets of Objections.

AO 72A
(Rev. 8/82)

Plaintiff objects to the Magistrate Judge's recommendation as to all three Defendants. For the reasons set forth below, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **GRANTS** Defendants' Motions for Summary Judgment, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Plaintiff, proceeding pro se, brought this 42 U.S.C. § 1983 action relating to his arrest and incarceration at Camden County Safety Complex. Dkt. No. 1. Plaintiff's pending claims relate to his arrest by Defendant Sullivan. Plaintiff was initially stopped on suspicion of kidnapping and then Defendant Sullivan arrested Plaintiff for driving on a suspended license and other traffic-related charges. Plaintiff contends his arrest violated his Fourth Amendment rights and, additionally, during the course of the arrest, Defendant Sullivan used excessive force and searched his vehicle, in violation of the Fourth Amendment. Id.

Once at the Camden County Safety Complex, Plaintiff alleges Defendant Mosley Osborne, a nurse, was deliberately indifferent to a serious medical need. Additionally, Plaintiff alleges when he complained about the lack of medical care and filed

2

grievances, Defendant Watson retaliated and punished him, violating his First Amendment rights. Id.

Defendants Sullivan, Watson, and Osborne filed Motions for Summary Judgment, dkt. nos. 52, 55, which the Magistrate Judge recommended be granted, dkt. no. 70. The Magistrate Judge concluded, based on the undisputed material facts, Defendant Sullivan is entitled to qualified immunity and, thus, summary judgment on Plaintiff's Fourth Amendment claims, Defendant Watson is entitled to summary judgment on Plaintiff's First Amendment claim, and Defendant Osborne is entitled to summary judgment on Plaintiff's deliberate indifference claim because the evidence does not establish she violated Plaintiff's constitutional rights. Id. Plaintiff has filed Objections to the Magistrate Judge's Report, which the Court now addresses. Dkt. Nos. 71, 73.

## ANALYSIS

### I. Miscellaneous Objections

Many of Plaintiff's Objections to the Report are unresponsive and without merit. First, Plaintiff insists there are disputed issues of material fact and he will prove such through various witnesses and other evidence. Doc. 71 at 1. Specifically, Plaintiff asks the Court to permit additional discovery, permit interviews of certain witnesses, order access to photocopying, and provide Plaintiff an opportunity to review

certain discovery Defendants produced. Id. However, Plaintiff failed to raise any of these issues earlier in the litigation or in response to Defendants' Motions for Summary Judgment. Indeed, Plaintiff did not bring any discovery-related issues before the Court. Further, Plaintiff responded to Defendants' Motions for Summary Judgment, including submitting his own evidence. Plaintiff had ample opportunity to raise these issues but failed to do so. Plaintiff also fails to explain how a grant of any of these requests would impact the Court's analysis on the arguments raised in Defendants' Motions. Thus, Plaintiff's Objections related to discovery or his ability to advance his case are **OVERRULED**.

Plaintiff also requests, again, he be appointed an attorney to represent him in this case. Id. The Magistrate Judge considered Plaintiff's requests for counsel on two previous occasions and denied those requests. Dkt. Nos. 11, 47. The Court finds no error with denying Plaintiff's motion for appointed counsel and agrees Plaintiff has not demonstrated counsel is necessary in this case. Accordingly, these Objections are also **OVERRULED**.

II. **Objections Related to Plaintiff's Fourth Amendment Claims**

Plaintiff objects to the Magistrate Judge's finding Defendant Sullivan is entitled to summary judgment on Plaintiff's Fourth Amendment claims. First, Plaintiff argues

4

AO 72A
(Rev. 8/82)

Defendant Sullivan should not be granted summary judgment on his false arrest claim because arguable probable cause did not exist to arrest Plaintiff for driving on a suspended license. Dkt. No. 71 at 3-4, 11-12; Dkt. No. 73 at 1. Plaintiff cites several Georgia Court of Appeals' cases addressing convictions for driving on a suspended license. Dkt. No. 71. The Court agrees with the Magistrate Judge's conclusion arguable probable cause existed for the arrest based on: (1) the dispatch report stating Plaintiff was driving in a green Ford Mustang with a child; (2) Plaintiff standing next to the vehicle in a parking lot; (3) Plaintiff admitting he drove the vehicle; (4) the child's mother reporting she saw Plaintiff driving and Plaintiff did not have a license; and (5) the results of the NCIC/GCIC search confirming Plaintiff's license was suspended. See Dkt. No. 70 at 16-17. Further, Plaintiff seems to argue there was not enough evidence to *convict* him for driving on a suspended license—an inquiry which is not before the Court. Rather, the Court's focus is on whether there was enough evidence for Defendant Sullivan to *arrest* Plaintiff. Thus, Plaintiff's Objections on the sufficiency of evidence for conviction are without merit.[2] Wood v. Kesler, 323 F.3d 872, 878 (11th Cir.

---

[2] Plaintiff's arguments related to whether a *warrant* met the probable cause standard to arrest him are irrelevant, as Defendant Sullivan did not rely on a warrant to arrest Plaintiff. See Dkt. No. 71 at 3 (citing Cofield v. State, 274 S.E.2d 530 (Ga. 1981); Devier v. State, 323 S.E.2d 150, 157 (Ga. 1984); and Pitts v. State, 432 S.E.2d

2003) ("Although probable cause requires more than suspicion, it does not require convincing proof, and need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction." (citing Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002))); Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."); Beadle v. Danese, No. 5:17-cv-317, 2018 WL 5304110, at *5 (M.D. Ga. Oct. 25, 2018) (explaining the difference between the level of proof necessary to arrest someone and convict someone). The fact the charges were dismissed has no bearing on whether Defendant Sullivan had probable cause to arrest Plaintiff. Springman v. Venice, 439 F. App'x 861, 865-66 (11th Cir. 2011).

Plaintiff's Objections to the Magistrate Judge's recommended grant of summary judgment on Plaintiff's Fourth Amendment claim related to Defendant Sullivan's search and seizure of his vehicle also fail. The Magistrate Judge found Defendant Sullivan had probable cause to search Plaintiff's vehicle based on his detecting marijuana, or alternatively,

---

643, 646 (Ga. Ct. App. 1993)). Likewise, the legality of Plaintiff's subsequent detention is not before the Court, and any arguments related to his detention after the arrest are not relevant. Id. at 9- 10.

pursuant to the Fourth Amendment's inventory-search exception. Dkt. No. 70 at 26-28. Plaintiff argues the search was unconstitutional because there was no reasonable belief evidence related to his arrest and marijuana was never found, nor was he arrested on marijuana-related charges, and the smell of marijuana cannot justify a warrantless search. Dkt. No. 71 at 5, 12; Dkt. No. 73 at 1. Defendant is incorrect; when an officer detects marijuana, probable causes exist to search. United States v. Smith, 596 F. App'x 804, 807 (11th Cir. 2015). Plaintiff presented no evidence contradicting Defendant Sullivan's affidavit he smelled marijuana. Dkt. No. 52-3 at 3. Further, whether marijuana was recovered and whether Plaintiff was arrested on marijuana-related charges is not relevant.

Similarly, Plaintiff's Objections to the Magistrate Judge's determination Defendant Sullivan was permitted to perform an inventory search fail. Plaintiff argues the inventory search was unlawful because the vehicle remained on private property and he was not asked what he wanted done with the vehicle prior to it being impounded. Dkt. No. 71 at 6, 12. However, an officer may impound the vehicle, so long as the decision is made on the basis of standard criteria and on the basis of something other than suspicion of evidence of criminal activity. Sammons v. Taylor, 967 F.2d 1533, 1543 (11th Cir. 1992). The Magistrate Judge correctly concluded Defendant Sullivan was still permitted

7

to impound the vehicle even though it was on private property, as the decision to impound the vehicle was based on a standard criterion—Plaintiff's arrest.[3] Dkt. No. 70 at 27; Dkt. No. 52-8. Because Defendant Sullivan could lawfully impound Plaintiff's vehicle, he was free to conduct an inventory search pursuant to department policy. Sammons, 967 F.2d at 1542 (explaining a law enforcement officer may impound a vehicle, so long as the decision to impound is made based on standard criteria).

Finally, Plaintiff objects to the Magistrate Judge's recommendation the Court grant Defendant Sullivan summary judgment on Plaintiff's excessive force claim. Dkt. No. 71 at 8. Plaintiff's arguments are largely conclusory, contradicted by the record, and without merit. Plaintiff fails to show Defendant Sullivan had any knowledge of his pre-existing injuries, any force used was excessive, or evidence of any resulting injury, which is fatal to his claim. Sebastian v. Ortiz, 918 F.3d 1301, 1308 (11th Cir. 2019); Rodriguez v. Farrell, 280 F.3d 1341, 1351-53 (11th Cir. 2002).

---

[3] Plaintiff also argues official immunity and qualified immunity are the same doctrine and Defendant Sullivan is not entitled to official immunity. Dkt. No. 71 at 7. This is plainly wrong. Official immunity examines whether an official is immunity from liability under the Georgia Constitution, Dukes v. Deaton, 852 F.3d 1035, 1044 (11th Cir. 2017), while qualified immunity examines whether an official violated clearly established federal law, id. at 1041. Here, the Magistrate Judge made no determination whether Defendant Sullivan is entitled to official immunity and instead determined Defendant Sullivan is entitled to qualified immunity. Dkt. No. 70 at 12-13.

8

Accordingly, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's recommendation to grant Defendant Sullivan summary judgment on Plaintiff's Fourth Amendment claims.

### III. Objections Related to Plaintiff's First Amendment Retaliation Claim

Plaintiff also objects to the Magistrate Judge's recommendation this Court grant summary judgment in favor of Defendant Watson on Plaintiff's First Amendment retaliation claims. Dkt. No. 71 at 12-14. However, Plaintiff's Objections are conclusory, unspecific, and without merit. Moreover, the Court has reviewed de novo the Magistrate Judge's findings and recommendations and discerns no error.[4] Accordingly, Plaintiff's Objections are **OVERRULED**.

### IV. Objections Related to Plaintiff's Fourteenth Amendment Deliberate Indifference Claim

The Magistrate Judge recommended the Court grant Defendant Osborne summary judgment on Plaintiff's deliberate indifference to a serious medical need claim. Dkt. No. 70 at 30-35. Plaintiff objects to this portion of the Magistrate Judge's Report. Dkt. No. 71 at 14-15. However, Plaintiff's Objections are without merit.

---

[4] Plaintiff also appears to assert a due process claim related to disciplinary proceedings while incarcerated at the Camden County Public Safety Complex. Dkt. No. 71 at 13. However, a due process claim is not pending before the Court.

9

Plaintiff still has not shown Defendant Osborne made anything more than treatment choices by purportedly confiscating his sling, referring him to a qualified health care provider, and placing him in a medical holding cell  Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) (concluding "inadvertent failure to provide adequate medical care" or "negligen[ce] in diagnosing or treating a medical condition" does not amount to deliberate indifference to a serious medical need). Additionally, Plaintiff has failed to connect his injury with Defendant Osborne's alleged confiscation of his arm sling. Accordingly, the Court **OVERRULES** Plaintiff's Objections. Defendant Osborne is entitled to summary judgment.

V.    **Objections Related to Plaintiff's Ability to Proceed *in Forma Pauperis* on Appeal**

Finally, Plaintiff objects to the Magistrate Judge's recommendation he should not be permitted to proceed *in forma pauperis* on appeal. Dkt. No. 73 at 1–2. Plaintiff argues, as he is an indigent, incarcerated inmate with no income, he should be permitted to proceed without paying the filing fee on appeal. Id. However, Plaintiff does not argue his appeal would be taken in good faith. The Court agrees with the Magistrate Judge's conclusion there are no non-frivolous issues to raise on appeal.

10

Accordingly, the Court **OVERRULES** Plaintiff's Objections and **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **GRANTS** Defendants' Motions for Summary Judgment, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this \_\_13\_\_ day of \_\_September\_\_, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA